# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

RICKY TURNER,

    PLAINTIFF,

V.                                          CIVIL ACTION NO.:

WASTE PRO,                    JURY TRIAL DEMANDED

    DEFENDANT.

## COMPLAINT

### I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 621. This is a suit authorized and instituted pursuant to 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

### II. PARTIES

2. Plaintiff, RICKY TURNER, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Pell City, St Clair County, Alabama. Plaintiff was formerly employed by Defendant.

1

3. Defendant, WASTE PRO, (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

### III. STATEMENT OF THE FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5. Plaintiff is a person of African ancestry.

6. In the fall of 2013, Jeremy Jackson recruited Plaintiff to work for Defendant as Brush Truck Driver.

7. Defendant hired Plaintiff on or about October 1, 2013 as a Brush Truck Driver.

8. The Brush Truck Driver position requires a Commercial Driver's License.

9. Plaintiff first earned his Commercial Driver's license in 1985 and has been continuously licensed since that time.

10. Plaintiff first began driving a Brush Truck in 1987.

11. Although Plaintiff has driven other types of vehicles during his career, he has been driving brush trucks exclusively since 2003.

12. Jackson also hired Robert Blackerby, a person of European ancestry to drive a Brush Truck.

2

13. Both Plaintiff and Jackson commenced their employment on October 1, 2013.

14. Plaintiff had more experience driving a commercial vehicle than Blackerby.

15. Plaintiff had more experience driving brush trucks than Blackerby.

16. Defendant's required qualifications for the Brush Truck Driver position were identical.

17. Plaintiff's job duties included, but were not limited to, driving the Brush Truck and operating the mechanism that removes the brush from the street and places the brush in the truck.

18. Blackerby's job duties included, but were not limited to, driving the Brush Truck and operating the mechanism that removes the brush from the street and places the brush in the truck.

19. Plaintiff and Blackerby performed their duties as Brush Truck operators under the same or similar conditions.

20. Defendant paid Plaintiff a flat rate of 145.00 per day to drive a brush truck.

21. Defendant paid Blackerby, a less experienced brush truck driver, a flat rate of $160.00 per day, a higher salary, to perform the same work.

22. The skills, effort, time commitment, experience, and education required to perform Plaintiff's job duties, as well as the results of the performance of those duties, compared to the job duties of Blackerby were virtually identical, yet Blackerby was paid in whole or in part substantially more money than Plaintiff for the same or similar job duties with equal or less results in the performance of those duties.

23. Defendant continues to pay Plaintiff less than Blackerby.

## IV.    COUNT ONE – 42 U.S.C. § 1981 – PAY DISCRIMINATION.

24. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-23 above.

25. Plaintiff is a person of African ancestry.

26. In the fall of 2013, Jeremy Jackson recruited Plaintiff to work for Defendant as Brush Truck Driver.

27. Defendant hired Plaintiff on or about October 1, 2013 as a Brush Truck Driver.

28. The Brush Truck Driver position requires a Commercial Driver's License.

29. Plaintiff first earned his Commercial Driver's license in 1985 and has been continuously licensed since that time.

30. Plaintiff first began driving a Brush Truck in 1987.

31. Although Plaintiff has driven other types of vehicles during his career, he has been driving only brush trucks since 2003.

32. Jackson also hired Robert Blackerby, a person of European ancestry to drive a Brush Truck.

33. Both Plaintiff and Jackson commenced their employment on October 1, 2013.

34. Plaintiff had more experience driving a commercial vehicle than Blackerby.

35. Plaintiff had more experience driving brush trucks than Blackerby.

36. Defendant's required qualifications for the Brush Truck Driver position were identical.

37. Plaintiff's job duties included, but were not limited to, driving the Brush Truck and operating the mechanism that removes the brush from the street and places the brush in the truck.

38. Blackerby's job duties included, but were not limited to, driving the Brush Truck and operating the mechanism that removes the brush from the street and places the brush in the truck.

39. Plaintiff and Blackerby performed their duties as Brush Truck operators under the same or similar conditions.

Case 5:17-cv-01684-UJH-LSC   Document 1   Filed 09/29/17   Page 6 of 9

40. Defendant paid Plaintiff a flat rate of 145.00 per day to drive a brush truck.

41. Defendant paid Blackerby, a less experienced brush truck driver, a flat rate of $160.00 per day, a higher salary, to perform the same work.

42. The skills, effort, time commitment, experience, and education required to perform Plaintiff's job duties, as well as the results of the performance of those duties, compared to the job duties of Blackerby were virtually identical, yet Blackerby was paid in whole or in part substantially more money than Plaintiff for the same or similar job duties with equal or less results in the performance of those duties.

43. Plaintiff continues to be paid less than Blackerby.

44. As a result of Defendant paying Plaintiff less money than similarly situated co-workers of European ancestry, Defendant violated 42 U.S.C. § 1981.

45. As a result of Defendant's willful and intentional violation of 42 U.S.C. § 1981, Plaintiff has been damaged.

V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

6

Defendant and at the Defendant's request from continuing to violate the terms of the 42 U.S.C. § 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the difference in his wages as compared to his counterpart of European ancestry.

C. Award him back pay, together with employment benefits, front pay, liquidated damages; special damages; nominal damages, compensatory damages, nominal damages, and injunctive and declatory relief as permitted by 42 U.S.C. § 1981;

D. Attorneys' fees and costs; and

E. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Allen D. Arnold
Allen D. Arnold

/s/ Kira Fonteneau
Kira Fonteneau

OF COUNSEL:
FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
T: 205.252.1550 F: 205.502.4476

**PLEASE SERVE DEFENDANT(S) AT:**
WASTE PRO

2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL